UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Santee Wall,
    Petitioner,

-v-

Lori Gidley,
    Respondent.

No. 1:17-cv-286

HONORABLE PAUL L. MALONEY

## ORDER ADOPTING REPORT AND RECOMMENDATION

On March 6, 2017, Petitioner Santee Wall filed a Petition under 28 U.S.C. § 2254 seeking relief from a state conviction. (ECF No. 1.) The magistrate judge ordered the state to respond and then issued a Report and Recommendation (R & R), concluding that the petition was meritless. The matter is now before the Court on Petitioner's objections to the R & R. For the reasons to be briefly discussed, the Court will adopt the R & R as the Opinion of the Court.

### Statement of Facts

Petitioner does not object to the magistrate judge's statement of facts, so the Court adopts the facts presented by the R & R.

### Legal Framework

With respect to a dispositive motion, a magistrate judge issues a report and recommendation, rather than an order. After being served with a report and recommendation (R & R) issued by a magistrate judge, a party has fourteen days to file written objections to the proposed findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R.

Civ. P. 72(b). A district court judge reviews de novo the portions of the R & R to which objections have been filed. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Only those objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (*per curiam*) (holding the district court need not provide de novo review where the objections are frivolous, conclusive or too general because the burden is on the parties to "pinpoint those portions of the magistrate's report that the district court must specifically consider"). Failure to file an objection results in a waiver of the issue and the issue cannot be appealed. *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005); *see also Thomas v. Arn,* 474 U.S. 140, 155 (upholding the Sixth Circuit's practice). The district court judge may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

Discussion

On February 24, 2015, after two hours of testimony from five witnesses, a Kalamazoo County Circuit Court judge found Petitioner guilty of possession of burglar tools, MICH. COMP. LAWS § 750.116, breaking and entering a vehicle with damage, MICH. COMP. LAWS § 750.356a(3), and a misdemeanor, attempted breaking and entering a motor vehicle, MICH. COMP. LAWS § 750.356a(2)(a). On March 23, 2015, the court sentenced Petitioner as a habitual offender-fourth offense, MICH. COMP. LAWS § 769.12, to concurrent terms of imprisonment of 2 to 15 years on each felony count and 30 days on the misdemeanor. His appeal was heard and denied by the Michigan Court of Appeals. (*See People v. Wall*, ECF No. 14-9.)

Petitioner filed the instant habeas petition and raised six grounds for relief. First, he challenged the sufficiency of the evidence against him. He had previously raised variations of this claim at the Michigan Court of Appeals. (*Id.* at PageID.466-67.) In the R & R, the magistrate judge carefully considered all of the evidence presented by the prosecution in the case and considered the rationale of the Michigan Court of Appeals. He concluded that under the doubly-deferential standard required by *Jackson v. Virginia* and AEDPA, the claim was meritless. (ECF No. 16 at PageID.778-79.)

In his objections, Petitioner again asserts that the evidence was insufficient to convict him but without addressing the magistrate judge's analysis. (*See* ECF No. 22 at PageID.808-09.) "[A]n objection that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in the context of Federal Rule of Civil Procedure 72." *Brown v. City of Grand Rapids,* No. 16-2433, 2017 WL 4712064 (6th Cir. June 16, 2017). Upon review, the Court agrees with the magistrate judge's assessment of the claim, and since Petitioner breaks no new ground in his objections, so the Court will overrule them without further discussion.

Accordingly, the Court **OVERRULES** Petitioner's objections (ECF No. 7) and **ADOPTS** the magistrate judge's Report and Recommendation as the Opinion of the Court. (ECF No. 16.) The Petition (ECF No. 1) is **DENIED.** The Court will enter judgment separately.

**IT IS SO ORDERED.**

## Certificate of Appealability

The Court must determine whether a certificate of appealability should be granted. 28 U.S.C. § 2253(c)(2). A certificate should issue if petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467.

Under *Slack*, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." 529 U.S. at 484. "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying this standard, the Court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of petitioner's claims. *Id.*

Examining Petitioner's claims under the standard in *Slack*, the Court finds that reasonable jurists would not conclude that this Court's denial of Petitioner's claims is debatable or wrong. The Court thus **DENIES** Petitioner a Certificate of Appealability.

**IT IS SO ORDERED.**

**Date:** August 3, 2018 /s/ Paul L. Maloney  
Paul L. Maloney  
United States District Judge

4